(No. 11791.—Decree affirmed.)

ELIZABETH HAMMERSCHMIDT *et al.* Appellants, *vs.* THE COMMISSIONERS OF HIGHWAYS OF THE TOWN OF SANGAMON *et al.* Appellees.

*Opinion filed December 18, 1918—Rehearing denied Feb. 19, 1919.*

1. HIGHWAYS—*commissioners' order for payment of money is not a legal tender of damages.* An order of the commissioners of highways upon their treasurer for the payment of money is not a legal tender for the damages intended to be covered by the order and does not ripen into such tender by the mere fact that it is retained but never presented for payment.

2. SAME—*when error in holding order for payment is legal tender for damages is not prejudicial.* In a proceeding to enjoin commissioners of highways from taking possession of land for a road, error of the court in holding that by the complainant's retention of an order of the commissioners for the payment of damages the order had ripened into legal tender is not prejudicial, where the court also requires the commissioners to pay the amount of such damages into court in money for the use of persons entitled thereto.

3. SAME—*when final order laying out road cannot be said to be rescinded.* The final order of highway commissioners laying out a road cannot be said to have been rescinded, under the statute, for failure of the commissioners to open the road within two years, where there have been no two consecutive years since the order was entered when there was not pending some litigation by the land owners which prevented the commissioners from opening the road, as the parties responsible, wholly or in part, for such delay will not be permitted, in a court of equity, to take advantage thereof.

4. SAME—*when payment of money is a condition precedent to right to take possession of land.* Where a decree in a proceeding to enjoin highway commissioners from taking possession of land finds that the complainants are entitled to a certain sum of money and that upon payment thereof the commissioners will be entitled to take possession of the land, the payment of the money is a condition precedent to the right to take possession, even though the decree dismissing the bill does not, in terms, make it so.

CARTWRIGHT and DUNN, JJ., dissenting.

APPEAL from the Circuit Court of Piatt county; the Hon. GEORGE A. SENTEL, Judge, presiding.

HERRICK & HERRICK, and CARL S. REED, for appellants.

DOBBINS & DOBBINS, and F. M. SHONKWILER, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants, as owners in severalty of certain lands described in their bill of complaint, for the benefit of themselves and all other tax-payers, filed their bill for injunction June 20, 1917, in the circuit court of Piatt county, to restrain the commissioners of highways of the towns of Mahomet and Scott, in Champaign county, and of Sangamon, in Piatt county, from opening up a public road and trespassing upon the lands of each of the complainants. The road in question is described as beginning at the north end of a road between section 24 in Sangamon township and section 19 in Scott township, running thence northerly for a distance of four and one-half miles to the south end of a road between section 25 in Sangamon township and section 30 in Mahomet township, being forty feet in width and extending twenty feet on each side of the county line between the counties of Champaign and Piatt.

Appellants contend that the record of the commissioners of highways is defective and the order issued thereon laying out this road was void, and assign numerous reasons in support of that contention. Issue appears to have been made up on this contention and much testimony thereon taken. The record of the commissioners of highways was before the court in the case of *Caldwell* v. *Commissioners of Highways,* 249 Ill. 366. An examination of the briefs and arguments in that case discloses that the question of the validity of the order laying out this road, and the record of the commissioners of highways upon which such order was issued, were before this court and there passed upon. On page 370 this court said: "The proceedings for laying out the road were in all respects in accordance with the statute." And again, on page 371: "The court erred in finding that the proceedings for laying out

286 – 29

the road were affected with any illegality." For that reason it is unnecessary to further consider any errors assigned and argued in this case on that contention.

At the time of the laying out of the road in question the land now alleged to be owned by Elizabeth Hammerschmidt, one of the complainants, was owned by John and Sidna Dubson, husband and wife. This complainant is the daughter and one of the heirs of John and Sidna Dubson. The bill alleges that she is the owner of said land, and the evidence shows that she acquired through intermediate and *mesne* conveyances the interest of all the other heirs of John and Sidna Dubson. At the time the damages were ascertained in the laying out of this road John and Sidna Dubson were living. Before any order for the payment of damages issued John Dubson died, leaving his widow, Sidna Dubson, and certain heirs-at-law, whose interests have been conveyed to complainant Elizabeth Hammerschmidt. On March 9, 1909, the commissioners of highways for the town of Mahomet issued an order on their treasurer, payable to Sidna Dubson and the estate of John Dubson, for $127.27 for damages due for the laying out of this road. This order was delivered to Sidna Dubson. It is claimed by this complainant that when Sidna Dubson received this order she was too sick to know its contents or know for what she was giving her receipt. This order was found, with other papers of Sidna Dubson, by this complainant after the death of Sidna Dubson. At the beginning of this suit this order had never been presented for payment. The complainant Elizabeth Hammerschmidt claims that neither John nor Sidna Dubson was bound to surrender up the possession of this land until a legal tender in money was made and kept in force; that this complainant, as heir of each in part of the estate of each and as grantee in *mesne* conveyances in the balance of the land in question and in possession, may enjoin the commissioners from coming upon said land until the above damages have been paid or a legal

tender of the money is made, and that the foregoing order is not sufficient to entitle the commissioners to go upon the land in question to open this road. The appellees claim that the above order having been retained and now found in the possession of this complainant, amounts to an acceptance of the order and a waiver of the necessary tender of the money. The decree of the court held concerning this contention that Elizabeth Hammerschmidt having retained the order issued to her mother, Sidna Dubson, the commissioners of highway were entitled to take possession of the right of way across her said land. The court also found that appellees offered to pay the sum of $127.27 into court for the heirs, representatives or successors of the Dubsons, and ordered that said sum be paid into the hands of the clerk, to be paid to the party legally entitled to the same.

We are unable to agree with the holding of the chancellor that retention of said order by Elizabeth Hammerschmidt entitled the appellees to take possession of the right of way across her land. The order for payment of money was not a legal tender of damages and could not ripen into such. (*Caldwell* v. *Commissioners of Highways, supra.*) We have seen that the circuit court by its decree did, however, order the appellees to pay the sum of $127.27 into the hands of the clerk for Elizabeth Hammerschmidt or those shown to be rightfully entitled to same. This order fully protects her right to said money. The compliance with the said order by the appellees is a condition precedent to their right to take possession of said right of way, and Elizabeth Hammerschmidt is not damaged by the erroneous legal conclusions.

At the time of laying out the road in question the land now alleged to be owned by appellants George W. Wright and Edwin S. Swigart was owned by Rosella Craig. She executed a release for the right of way over said land in consideration of the sum of $340, which release the commissioners retained and thereafter proceeded to condemn

the right of way across the land of Rosella Craig, and such proceedings were had and a judgment was entered fixing the amount of damages which should be received by her for the land taken and for damages to land damaged but not taken, at the sum of $245. She refused to receive said order and returned the same to the defendants with a demand that she be issued an order for $340, claiming she was entitled to receive the amount named in the release executed for the right of way across her land. Thereafter in a certain bill in chancery brought by the complainant Edwin S. Swigart against the defendants in the circuit court of Champaign county, the defendants were ordered by the court to pay into the hands of the clerk of said court the sum of $245 for Rosella Craig, to be paid by said clerk to her grantees, and there is now pending in said court a bill in chancery filed by the defendants prior· to the commencement of this suit, against Swigart and Wright, to require them to interplead and determine what portion of said sum shall be divided between them, as grantees of Rosella Craig.

The decree of the circuit court found that the sum of $245 had been paid into court, and further found that Wright and Swigart were entitled to the further sum of $95, and ordered that said additional amount be likewise paid into court, and that upon payment of said sum the commissioners be entitled to take possession of the right of way for the road across the lands of Wright and Swigart. There is no error in this finding and order. The decree therein conforms to the direction of this court in remanding the *Caldwell case, supra,* and while the decree dismisses the bill of appellants without such dismissal being, in terms, made subject to the compliance on the part of appellees with the order that they pay the further sum of $95 into the hands of the clerk of the court for Wright and Swigart, yet such payment is by such an order made a condition precedent to the right of appellees to take pos-

session of the right of way. Where a decree granting a right at the same time imposes on the person securing that right a concurrent obligation, as in this case, the discharge of such obligation is a condition precedent to the enjoyment of such right.

It is urged by the complainants that the final order laying out the road in question has been rescinded because the road has not been opened, as required by the statute, within two years from the date of the final order. It is quite evident that this delay has been caused by vexatious litigation prosecuted by the complainants and others and by the refusal of two of the nine commissioners to join with the others in taking proper steps to open the road. We are unable to find in the record any two consecutive years in which some litigation has not been pending to prevent the commissioners from performing their duty in this respect. Under the holding in *Caldwell* v. *Commissioners of Highways, supra,* the final order cannot be said to be rescinded when the delay has thus been caused. This road was ordered to be laid out in March, 1906. During the more than twelve years since, the matter has been almost constantly in litigation. The order and record of the commissioners of highways was by this court in the case of *Caldwell* v. *Commissioners of Highways, supra,* decided in April, 1911, held to be in every respect valid, yet for more than seven years litigation has been kept up almost constantly. This litigation should cease. One responsible in whole or in part for such an aggravated delay in the discharge of the duty of these commissioners of highways will not be heard in a court of equity to claim advantage from such delay.

The decree of the circuit court will be affirmed.

*Decree affirmed.*

CARTWRIGHT and DUNN, JJ., dissenting.